**WO**                                                                                      MDR

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Richard Johnson, | ) | No. CV 12-539-PHX-GMS (DKD) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Sergeant Juvera, et al., | ) | |
| Defendants. | ) | |

Plaintiff Richard Johnson, who is confined in the Maricopa County Fourth Avenue Jail, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed *In Forma Pauperis* (Doc. 2).  The Court will order Defendants to answer Count Three of the Complaint and will dismiss Counts One and Two without prejudice.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $14.40.  The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II.      Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."   Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

. . . .

1    **III.    Complaint**

2         In his three-count Complaint, Plaintiff sues the following Defendants at the Arizona

3    State Prison Complex-Lewis: Sergeant Juvera and Correctional Officer IIs Jackson, David

4    Cruz, Larry Brown, and Mark Reed.

5         Plaintiff alleges that he was subjected to cruel and unusual punishment, in violation

6    of the Eighth Amendment.  Plaintiff asserts that Defendants Juvera and Jackson did not

7    require inmates who triggered a metal detector alarm to submit to additional searches or to

8    again pass through the metal detector.  Plaintiff also contends that Defendants Cruz and

9    Brown failed to properly control inmate movements, allowing inmates from different

10   buildings, who were supposed to be locked down and kept separate because they had been

11   continually assaulting each other, out of their cells, out of their buildings, onto the recreation

12   field, and through locked fences.  Plaintiff also alleges that Defendant Reed was inattentive

13   to his duties and was confused about his duties, permitting inmates onto the yard although

14   they were supposed to be locked into their cells and separated.  Plaintiff contends that

15   Defendants and other officers on the yard had an ongoing problem with assaults caused by

16   allowing the same groups of inmates to come into contact with each other when they were

17   supposed to be kept separate because of security concerns.

18        Plaintiff contends that, as a result of Defendants' actions and inactions, he was

19   stabbed.  He asserts that an inmate who triggered the metal detector alarm but was permitted

20   by Defendants Juvera and Jackson to pass through without an additional search, was involved

21   in Plaintiff's stabbing.  He also contends that the officers purposely allowed the assault to

22   occur.

23        Plaintiff's allegations in all three counts are essentially the same,[1] although in Count

24   Three, Plaintiff alleges that Defendants acted with deliberate indifference and knew their

25   actions created a substantial risk or had a subjective awareness of a risk.

26        In his Request for Relief, Plaintiff seeks injunctive relief and monetary damages.

27   ───────────────

28        [1]The Court notes that Plaintiff makes additional allegations against nonparties in
Counts One and Two.

**IV.    Discussion**

Liberally construed, Plaintiff has stated an Eighth Amendment deliberate indifference claim.  Because Counts One and Two are duplicative of the more clearly pled allegations in Count Three, the Court will dismiss Counts One and Two and will require Defendants to answer Count Three.

**V.    Warnings**

**A.    Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

**B.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**C.    Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

TERMPSREF

**IT IS ORDERED:**

(1)     Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $14.40.

(3)     Counts One and Two are **dismissed** without prejudice because they are duplicative.

(4)     Defendants Juvera, Jackson, Cruz, Brown, and Reed must answer Count Three.

(5)     The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. 1), this Order, and both summons and request for waiver forms for Defendants Juvera, Jackson, Cruz, Brown, and Reed.

(6)     Plaintiff must complete[2] and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7)     If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(8)     The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(9)     The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendants must include a copy of this Order.  **The Marshal must immediately file signed waivers of service of the summons.  If a waiver**

---

[2]If a Defendant is an officer or employee of the Arizona Department of Corrections, Plaintiff must list the address of the specific institution where the officer or employee works. Service cannot be effected on an officer or employee at the Central Office of the Arizona Department of Corrections unless the officer or employee works there.

**of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

        (a)   personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

        (b)   within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(10)   **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(11)   Defendants must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12)   Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

1       (13)    This matter is referred to Magistrate Judge David K. Duncan pursuant to Rules

2   72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized

3   under 28 U.S.C. § 636(b)(1).

4       DATED this 27th day of March, 2012.

5

6               G. Murray Snow

7               United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TERMPSREF

- 7 -