**WO** JDN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Johnson,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Sergeant Juvera, et al.,<br><br>　　　　　Defendants. | No. CV 12-0539-PHX-GMS (DKD)<br><br>**ORDER** |

　　　　Plaintiff Richard Johnson brought this civil rights action under 42 U.S.C. § 1983 against multiple Arizona Department of Corrections (ADC) employees (Doc. 1). On October 22, 2013, the Courted issued an Order granting summary judgment motions filed by Defendants Brown, Cruz, Juvera, and Reed and directing Johnson to show cause why the remaining Defendant—Jackson—and the claim against him should not be dismissed for failure to serve (Doc. 161).

　　　　Johnson alleged that Jackson was deliberately indifferent to a substantial risk of harm when he allowed an inmate to pass through a metal detector without any patdown after setting off the alarm (Doc. 1 at 5). Johnson averred that the inmate who sounded the alarm stabbed Johnson later that day (id.).

　　　　Johnson attempted to serve Jackson in April 2012; however, the summons was returned unexecuted because the Marshal could not effect service at the ADC Lewis facility without a first name (Docs. 1, 7). The Court ordered Defendants to provide Jackson's first

name, which they did, along with his address under seal; however, on July 23, 2012, the summons was again returned unexecuted because Jackson no longer resided at the address provided (Docs. 14, 18, 20). The Court denied Johnson's subsequent motion to unseal Jackson's last-known address (Docs. 23, 25). The docket reflects no further activity with respect to Jackson.

Federal Rule of Civil Procedure 4(m) provides that:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The Court's Order to Show Cause provided the required notice to Johnson of possible dismissal for failure to serve (Doc. 161). To date, Johnson has failed to respond to the Order to Show Cause, and the time in which to do so has expired. In light of Johnson's failure to respond and to show good cause, the remaining claim against Jackson will be dismissed without prejudice. See Crowley v. Bannister, 734 F.3d 967, 975 (9th Cir. 2013).

Pursuant to the Court's prior Order addressing the summary judgment motions filed by Brown, Cruz, Juvera, and Reed, the Court herein enters judgment in their favor.

**IT IS ORDERED:**

(1) The Eighth Amendment claim against Jackson is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m), and Jackson is dismissed as a Defendant.

(2) Pursuant to the Court's October 22, 2013 Order, the Clerk of Court must enter judgment in favor of Brown, Cruz, Juvera, and Reed.

(3) The Clerk of Court must terminate the action.

**DATED this 19th day of December, 2013.**

_/s/ A. Murray Snow_
G. Murray Snow
United States District Judge